```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
SEBASTIAN VILLARRUBIA,                                           :
KEIBER APARCEDO, and                                             :
MAURICIA MAYOR GOMEZ,                                            :
                                                                 :        **REPORT AND**
                                     Plaintiffs,                 :        **RECOMMENDATION**
                                                                 :
                   -against-                                     :        18-CV-4929 (AMD) (PK)
                                                                 :
LA HOGUERA PAISA RESTAURANT &                                    :
BAKERY CORP., LA HACIENDA DON JULIO                              :
CORP., JOSE RESTREPO, and NAHUM                                  :
RODRIGUEZ, jointly and severally,                                :
                                                                 :
                                     Defendants.                 :
---------------------------------------------------------------- x
```

**Peggy Kuo, United States Magistrate Judge:**

Sebastian Villarrubia, Keiber Aparcedo, and Mauricia Mayor Gomez (collectively, "Plaintiffs") brought this action against La Hoguera Paisa Restaurant & Bakery Corp., La Hacienda Don Julio Corp., Jose Restrepo, and Nahum Rodriguez (collectively, "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; the New York Labor Law ("NYLL") §§ 198 and 663; Title VII of the Civil Rights Act of 1964 ("Title VII"); the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code. § 8-107(1)(a); and the New York Human Rights Law ("NYHRL"), N.Y. Executive Law § 296(1)(a). (*See* Compl., Dkt. 1.)

Before the Court is Plaintiffs' request for attorneys' fees. (*See* Memorandum Decision and Order dated Apr. 6, 2020, Dkt. 31.) For the reasons stated herein, the undersigned respectfully recommends that Plaintiffs be awarded $12,630.00 in attorneys' fees.

## BACKGROUND

On March 13, 2020, the undersigned issued a Report and Recommendation recommending that Plaintiffs' Motion for Default Judgment be granted and awarding Plaintiffs damages for unpaid

1

minimum wage, unpaid overtime wages, liquidated damages, pre-judgment and post-judgment interest, and statutory damages. (*See* Report and Recommendation, Dkt. 29.) Additionally, the Report and Recommendation recommended that Plaintiffs' request for attorneys' fees be denied, with leave to renew when supplemented with attorney qualifications. (*See id.*) On April 6, 2020, the Honorable Ann M. Donnelly issued a memorandum decision and order adopting the Report and Recommendation and granting Plaintiffs leave to renew their request for attorneys' fees. (Memorandum Decision and Order, Dkt. 31.)

On June 8, 2020, Plaintiffs submitted documentation in support of their request for attorneys' fees ("Timesheets") (Dkt. 34) and on June 12, 2020 filed a letter clarifying the Timesheets ("Letter") (Dkt. 35.)

## LEGAL STANDARD

Plaintiffs seek reasonable attorneys' fees, which they are entitled to recover under both the FLSA and NYLL. *See* 29 U.S.C. § 216(b); NYLL § 198. Title VII, the NYHRL, and the NYCHRL also allow Plaintiffs to recover attorneys' fees and costs at the court's discretion. *See* 42 U.S.C. § 2000e-5(k); N.Y. Exec. Law § 297(10); N.Y.C. Admin. Code § 8-502(g). District courts have broad discretion to determine the amount awarded, and the party requesting fees must submit documentation to support its claims. *See Mahoney v. Amekk Corp.*, No. 14-CV-4131 (ENV) (VMS), 2016 WL 6585810, at *18 (E.D.N.Y. Sept. 30, 2016), *R&R adopted*, 2016 WL 6601445 (E.D.N.Y. Nov. 7, 2016). Courts calculate appropriate attorneys' fees according to the lodestar method by "multiplying the number of hours reasonably billed … by the appropriate hourly rate." *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 n.4 (2d Cir. 2008). Ultimately, "[t]he district court retains discretion to determine what constitutes a reasonable fee." *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quotation, citation, and alteration omitted).

## ANALYSIS

Plaintiffs request $14,180.00 in attorneys' fees, supported by contemporaneous attorney timesheets for Anastasi "Taso" Pardalis of the law firm Pardalis Nohavicka LLP. (Dkt. 34-35.)

**Hourly Rate**

A reasonable hourly rate is the rate a "reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 184 (2d Cir. 2008). The Second Circuit and various district courts have identified case-specific variables relevant in setting a reasonable hourly rate, including "whether the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation." *Mahoney*, 2016 WL 6585810, at *19. Courts in this District have recently awarded hourly rates in FLSA cases of "$300 to 450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to 100 for legal support staff…" *Martinez v. New 168 Supermarket LLC*, No. 19-CV-4526 (CBA) (SMG), 2020 WL 5260579, at *8 (E.D.N.Y. Aug. 19, 2020), *R&R adopted*, 2020 WL 5259056.

Mr. Pardalis billed at the rate of $400 per hour. (Dkt. 34.) Mr. Pardalis is a graduate of New York Law School and has approximately 15 years of experience within the Southern and Eastern Districts of New York and the New York State court system. (Dkt. 35.) He manages all phases of Pardalis Nohavicka LLP's commercial litigation. (*Id.*)

Rates of $400 per hour or higher in FLSA cases have generally been reserved for attorneys with more experience than Mr. Pardalis. *See, e.g., Martinez*, 2020 WL 5260579, at *8 (awarding $400 hour rate to attorney with approximately 23 years' experience); *Rodriguez v. Yayo Rest. Corp.*, No. 18-cv-4310 (FB) (PK), 2019 WL 4482032, at *9 (E.D.N.Y. Aug. 23, 2019), *R&R adopted*, 2019 WL 4468054 (E.D.N.Y. Sept. 18, 2019) (recommending hourly rate of $450 for attorney with 36 years' practice experience); *cf. Cohetero v. Stone & Tile, Inc.*, No. 16-cv-4420 (KAM) (SMG), 2018 WL

565717, at *5 (E.D.N.Y. Jan. 25, 2018) (awarding $375 hourly rate for attorney with "fifteen years' practice experience, including significant experience in FLSA and NYLL lawsuits.")  Accordingly, the undersigned recommends that Mr. Pardalis's hourly rate be reduced to $375 per hour.

### Number of Hours

In determining a reasonable number of hours, district courts should "exclude excessive, redundant or otherwise unnecessary hours." *Quarantino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999).  Over the course of approximately thirteen months, Mr. Pardalis billed a total of 35.45 hours. (Dkt. 34.)  Upon examining the Timesheets, the undersigned finds the total number of hours billed to be largely reasonable.  Several entries, however, appear administrative in nature, including calling the courtroom deputy and filing affidavits of service.  (*See* Timesheets at entries for Dec. 27, 2018, Dec. 26, 2018, and Nov. 8, 2018.)  Such administrative tasks should not be performed by a lawyer, let alone a partner. *Callari v. Blackman Plumbing Supply, Inc.*, No. 11-CV-3655 (ADS)(AKT), 2020 WL 2771008 at *12 (E.D.N.Y. May 4, 2020), *R&R adopted*, 2020 WL 2769266 (E.D.N.Y. May 28, 2020) (explaining that tasks like "review[ing] electronic orders and case management orders, [and] fil[ing] documents on ECF . . . should have been conducted by a paralegal").  The undersigned therefore recommends reducing the number of hours billed by Mr. Pardalis by 5% to account for time spent on such tasks.

Adjusting Mr. Pardalis's hourly rate to $375 and reducing the number of hours billed to 33.68 reduces the amount of attorneys' fees to $12,630.00.

### **CONCLUSION**

Based on the foregoing, the undersigned respectfully recommends that Plaintiffs be awarded attorneys' fees in the amount of $12,630.00.

Plaintiff is directed to serve this Report and Recommendation on Defendants forthwith and file proof of service on the docket by October 14, 2020.  Any objection to this Report must be filed

4

in writing with the Clerk of Court within fourteen (14) days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file objections within the specified time waives the right to appeal any order or judgment entered based on this Report and Recommendation. *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated: Brooklyn, New York
October 9, 2020